SEYFARTH SHAW LLP
Peter E. Romo, Jr. (SBN 38925) promo@seyfarth.com
Patty H. Lee (SBN 245192) plee@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
NATIONAL LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA RUSSO,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL LIFE INSURANCE COMPANY, and DOES 1 to 20<br><br>    Defendants. | Case No. C 07-06037-EDL<br><br>**DEFENDANT NATIONAL LIFE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant NATIONAL LIFE INSURANCE COMPANY ("National") responds to the Complaint ("Complaint") of Plaintiff Laura Russo ("Plaintiff") as follows:

## FIRST CAUSE OF ACTION

### Breach of Contract

1. Answering paragraph 1 of the Complaint, National admits that it is a corporation organized and existing under the laws of the State of Vermont, and that it is and has been authorized to transact and is transacting business in the State of California.

2. Answering paragraph 2 of the Complaint, DOE defendants are not proper defendants in an action in district court. *See* 28 U.S.C. § 1332(c). However, to the extent a response is deemed necessary, National denies the allegations of paragraph 2 of the Complaint.

3. Answering paragraph 3 of the Complaint, National is without knowledge or

1. information sufficient to form a belief as to the truth of these allegations, and accordingly, National denies the allegations contained in paragraph 3 of the Complaint.

4. Answering paragraph 4 of the Complaint, National is without knowledge or information sufficient to form a belief as to the truth of these allegations, and accordingly, National denies the allegations contained in paragraph 4 of the Complaint.

5. Answering paragraph 5 of the Complaint, National denies the allegations contained in paragraph 5 of the Complaint.

6. Answering paragraph 6 of the Complaint, National admits that it issued policy number U189833200 ("Policy") on the life of Scott Gibbs ("Mr. Gibbs"), which provided benefits under the terms and conditions stated therein. National further admits that Plaintiff purports to have attached a copy of the Policy thereto as Exhibit A. National denies any and all remaining allegations of paragraph 6 of the Complaint.

7. Answering paragraph 7 of the Complaint, National is informed and believes that the allegations contained therein state a legal conclusion which requires no response from National. However, to the extent a response is deemed necessary, National admits the allegation in paragraph 7 of the Complaint.

8. Answering paragraph 8 of the Complaint, National admits that the Policy contained terms and provisions stated therein. Save and except as stated expressly herein, National denies the remaining allegations of paragraph 8 of the Complaint.

8. [*sic*] Answering paragraph 8, lines 7-8, National admits that, until the Policy lapsed because Mr. Gibbs failed to make timely premium payments required under the terms and conditions of the Policy, the Death Benefit on the Policy was $80,000.

9. Answering paragraph 9 of the Complaint, National admits that the Policy contained the provisions stated therein.

10. Answering paragraph 10 of the Complaint, National admits that the Policy contained the terms stated therein.

11. Answering paragraph 11 of the Complaint, National is informed and believes that

1  Mr. Gibbs died on May 5, 2007.

2      12.    Answering paragraph 12 of the Complaint, National admits that following Mr. Gibbs' death, a claim was made for the Death Benefit under the Policy. Save and except as stated herein, National denies the remaining allegations of paragraph 12 of the Complaint.

    13.    Answering paragraph 13 of the Complaint, National admits that the Policy lapsed and was terminated in March 2007 due to lack of payment of premiums as required under the terms and conditions stated in the Policy, and that as a consequence, no benefits were due under the Policy following the death of Mr. Gibbs.

    14.    Answering paragraph 14 of the Complaint, National denies the allegations in paragraph 14 of the Complaint.

    15.    Answering paragraph 15 of the Complaint, National denies the allegations in paragraph 15 of the Complaint.

    16.    Answering paragraph 16 of the Complaint, National admits that Plaintiff makes the allegations stated in paragraph 16 of the Complaint. However, National further admits that the Policy lapsed and was terminated in March 2007 due to the lack of payment of premiums as required under the terms and conditions as stated in the Policy, and that as a consequence, no premiums are due or are payable under the Policy. National denies the remaining allegations in paragraph 16 of the Complaint.

    17.    Answering paragraph 17 of the Complaint, National denies the allegations in paragraph 17 of the Complaint, and specifically denies the damages that Plaintiff alleges she sustained were in any way caused by any fault, action, or omission by National.

## SECOND CAUSE OF ACTION

### Breach of Implied Covenant of Good Faith and Fair Dealing

    18.    Answering paragraph 18 of the Complaint, National refers to, and incorporates by reference, its responses to the allegations contained in paragraphs 1 through 17 of this Answer.

    19.    Answering paragraph 19 of the Complaint, National admits that a covenant of

good faith and fair dealing has been said to arise under certain conditions and containing terms and provisions as established by applicable law. Save and except as expressly stated herein, National denies the remaining allegations in paragraph 19 of the Complaint.

20. Answering paragraph 20 of the Complaint, National denies the allegations in paragraph 20 of the Complaint.

21. Answering paragraph 21 of the Complaint, National admits that the Policy contained terms and conditions stated therein. Save and except as expressly stated herein, National denies the remaining allegations in paragraph 21 of the Complaint.

22. National denies the allegations in paragraph 22 of the Complaint.

23. National denies the allegations in paragraph 23 of the Complaint.

24. National denies the allegations in paragraph 24 of the Complaint.

25. National denies the allegations in paragraph 25 of the Complaint, and specifically denies that Plaintiff incurred damages in any amount or at all as a result of any act or conduct of National.

26. National denies the allegations in paragraph 26 of the Complaint.

## AFFIRMATIVE DEFENSES

By way of defenses to the allegations of the Complaint herein, National alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

27. The Complaint and each purported cause of action fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

28. There is no benefit due to Plaintiff under the Policy because Mr. Gibbs failed to comply with the terms and conditions of the Policy.

### THIRD AFFIRMATIVE DEFENSE

29. Plaintiff's claims, in whole or in part, are barred by the terms, conditions, limitations and exclusions contained in the Policy.

### FOURTH AFFIRMATIVE DEFENSE

30. Any alleged damage suffered by Plaintiff was in no way caused by, or the result of, any fault, act or omission by National, but was caused by circumstances, persons, and/or entities for which and/or whom National is not and may not be held responsible, including Mr. Gibbs, and for which National cannot be held liable.

### FIFTH AFFIRMATIVE DEFENSE

31. Mr. Gibbs received numerous notices at his address of record, advising him as to the existing and anticipated value in his Policy and that he thus needed to make premium payments to maintain his Policy. Mr. Gibbs failed to make the timely and necessary payment to maintain his Policy, resulting in the lapse of his Policy. Accordingly, Plaintiff is not entitled to the Death Benefit under the Policy, and thus, Plaintiff may not recover under her Complaint.

### SIXTH AFFIRMATIVE DEFENSE

32. Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

33. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

34. Plaintiff's claims are is barred, in whole or in part, by the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

35. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### TENTH AFFIRMATIVE DEFENSE

36. Prior to the commencement of this action, National duly performed, satisfied, and discharged all duties and obligations National may have owed to Mr. Gibbs and/or Plaintiff arising out of any and all agreements, representations, or contracts made by National or on behalf of National and this action is therefore barred by the provisions of California Civil Code section 1473.

### ELEVENTH AFFIRMATIVE DEFENSE

37. Plaintiff's Second Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing against National is barred because National acted at all times in a prompt and reasonable manner, all actions were taken in good faith and were a lawful exercise of sound discretion, based on a rational and reasonable consideration of the facts and information provided.

### TWELFTH AFFIRMATIVE DEFENSE

38. Plaintiff's claims are barred, in whole or in part, because she would be unjustly enriched if permitted to collect the sums to which she alleges she is entitled.

### THIRTEENTH AFFIRMATIVE DEFENSE

39. Plaintiff's claims are barred, in whole or in part, because any alleged breach of the Policy by National is excused by the prior material breach of the terms of the Policy by Mr. Gibbs and/or Plaintiff. Mr. Gibbs failed to comply with the terms and conditions of the Policy. As a consequence, the Policy lapsed and no benefits were due following Mr. Gibbs' death. Accordingly, Plaintiff's claims are barred.

### FOURTEENTH AFFIRMATIVE DEFENSE

40. Plaintiff's claims are barred in whole or in part, because if Plaintiff was damaged, which National denies, the damage was not due to Plaintiff's reliance on any acts or omissions by National.

### FIFTEENTH AFFIRMATIVE DEFENSE

41. Plaintiff has failed to state a claim upon which attorneys' fees and costs can be awarded.

### SIXTEENTH AFFIRMATIVE DEFENSE

42. Punitive or exemplary damages are not available because National's conduct was not malicious, fraudulent, or oppressive.

### SEVENTEENTH AFFIRMATIVE DEFENSE

43. Plaintiff's punitive or exemplary damage claim constitutes a denial of National's

right to due process of law and equal protection of the law, and is violative of the separation of judicial, legislative, and executive powers guaranteed by the United States Constitution. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416-18 (2003).

### EIGHTEENTH AFFIRMATIVE DEFENSE

44.  California Civil Code section 3294 prohibits, as a matter of law, an award of punitive or exemplary damages in breach of contract actions. Moreover, section 3294 is invalid as applied to National, pursuant to Article I, Section 10; Article VI, Section 2; and the First, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, and Article I, Sections 7, 9, 15 and 17, and Article IV, Section 16 of the California Constitution.

### NINETEENTH AFFIRMATIVE DEFENSE

45.  National hereby gives notice that it intends to rely upon such other and further defenses as may become available and apparent during discovery proceedings in this case, and hereby reserves the right to amend its answer to assert any such defense(s).

WHEREFORE, having answered Plaintiff's Complaint, National prays as follows:

1.  That Plaintiff take nothing by reason of her Complaint;
2.  That judgment be rendered in favor of National;
3.  That National be awarded its costs of suit incurred in defense of this action, including its attorneys' fees and costs; and
4.  For such other relief as the Court deems just and proper.

DATED:  January 4, 2007                             SEYFARTH SHAW LLP


                                                    By /s/ Patty H. Lee
                                                         Peter E. Romo, Jr.
                                                         Patty H. Lee

                                                    Attorneys for Defendant
                                                    NATIONAL LIFE INSURANCE
                                                    COMPANY

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 560 Mission Street, Suite 3100, San Francisco, California 94105. On January 4, 2008, I served the within document(s):

**Defendant National Life Insurance Company's Answer to Plaintiff's Complaint**

☐ I sent such document from facsimile machine (415) 397-8549 on January 4, 2008. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (415) 397-8549 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at San Francisco, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

Gregory P. Brock, Esq.
York & Brock
918 Parker Street, 2nd Floor
Berkeley, CA 94710

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on January 4, 2008 at San Francisco, California.

Shari O'Brien

SF1 28308259.1 / 32732-000008